UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GINAMARIE T.,

                              **Plaintiff,**

   vs.                                                      5:20-CV-1163
                                                                    (MAD/ATB)
**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street
Ste 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **HUGH DUN RAPPAPORT, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On March 8, 2017, Plaintiff filed an application for Social Security Disability Insurance Benefits ("DIB"), alleging a disability onset date of November 1, 2015, due to post-traumatic stress disorder ("PTSD"), anxiety, depression, headaches, a skin disorder, back and neck issues, arthritis in both hands, and carpal tunnel syndrome. *See* Administrative Transcript ("Tr.") at 15, 147. Her claim was initially denied on April 10, 2017. *See id.* at 62. Plaintiff then requested a hearing, which was held by video conference on July 15, 2019, before Administrative Law Judge ("ALJ") Melissa Hammock. *See id.* at 30-61. On September 5, 2019, ALJ Hammock denied

Plaintiff's application for benefits. *See id.* at 15-25. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on July 20, 2020. *See id.* at 1-5.

Plaintiff commenced this action on September 22, 2020 and the parties subsequently cross-moved for judgment on the pleadings. *See* Dkt. Nos. 15, 18. In her motion, Plaintiff contends that the ALJ's mental residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ failed to properly weigh the opinions of Plaintiff's treating mental health providers. *See* Dkt. No. 15 at 9-20. Defendant disagrees, arguing that the ALJ's decision is supported by substantial evidence and must be affirmed.

In a February 7, 2022 Report-Recommendation, Magistrate Judge Baxter recommended that the Court find that the Commissioner's decision is supported by substantial evidence, grant Defendant's motion, and dismiss this action. *See* Dkt. No. 19 at 10-18. In her objections to the Report-Recommendation, Plaintiff contends that Magistrate Judge Baxter erred in determining that the ALJ's RFC determination was supported by substantial evidence. *See* Dkt. No. 20. As set forth below, Magistrate Judge Baxter's Report-Recommendation is adopted in its entirety.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to Magistrate Judge Baxter's Report-Recommendation. *See* Dkt. No. 19.

## III. DISCUSSION

**A.    Standard of Review**

*1. Substantial Evidence*

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied.

*See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009).  "Substantial evidence means 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 95 L. Ed. 456 (1951)).  If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  *See id.* Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld — even if the court's independent review of the evidence may differ from the Commissioner's.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *see also Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted).  However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence.  *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### *2. Disability Determination — The Five-Step Evaluation Process*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ must determine whether the claimant engaged in substantial gainful activity during the relevant period. A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits. *See id.* §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities. *See id.* §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings"). *See id.* §§ 404.1520(d), 416.920(d); *see also id.* Pt. 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled." *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether, despite the claimant's severe impairment, he or she has the residual functional capacity ("RFC") to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of proof with regard to these first four steps is on the claimant. *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his or her past relevant work, the burden shifts to the Commissioner for step five. *See Perez*, 77 F.3d at 46 (citing *Carroll*, 705 F.2d at 642). This step requires the ALJ to examine whether the claimant can do any type of work. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary. *See Perez*, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2). "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; [she] need not provide additional evidence of the claimant's residual functional capacity." *Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

**B.     Plaintiff's Motion and the Report-Recommendation**

Initially, Plaintiff argues that the ALJ failed to properly weigh the evidence submitted by her therapist, Vivian E. Nickless-McElligott, LCSW and her psychiatrist, Dr. Miranda Mohabir. Plaintiff contends that the ALJ erred when she gave only partial weight to Ms. Nickless-McElligott because there was a "lack of diagnosis" and a "lack of abnormal psychiatric findings." Plaintiff contends that the ALJ misconstrued the evidence, and lists various symptoms exhibited by Plaintiff showing depression, anxiety, and PTSD. Magistrate Judge Baxter, however, noted that Plaintiff has misconstrued the ALJ's opinion, noting that the ALJ found that there was a lack

of adequate support in the medical records from the relevant period of November 1, 2015 through March 31, 2016. *See* Dkt. No. 19 at 11. Specifically, Magistrate Judge Baxter found that, although Plaintiff began treating with Ms. Nickless-McElligott in November 2015, the letters from her on Plaintiff's behalf were from April 2017 and September 2018 and concluded that Plaintiff was "unable to work at this time." *Id.* at 11, 13. Additionally, Magistrate Judge Baxter noted that Plaintiff did not begin to see Dr. Mohabir until May 24, 2016, two months after Plaintiff's date last insured. *See id.* at 14. Moreover, Magistrate Judge Baxter noted that the ALJ discussed that Plaintiff had "long gaps in treatment" with Dr. Mohabir, during which time the evidence indicated that Plaintiff reported good mood control on psychotropic medications until 2019. *See id.* at 15.

Magistrate Judge Baxter also noted conflicting evidence pertaining to the severity of Plaintiff's symptoms. *See id.* at 16. For example, Magistrate Judge Baxter noted that in Ms. Nickless-McElligott's September 3, 2018 letter, she stated that Plaintiff could not work "at this time," and that her "current depressive state" was an "extreme exacerbation" of a "genetic history of extremely mild depression." *Id.* (citing Tr. at 281). Less than one month later, however, Dr. Scinta stated that Plaintiff was feeling much better, an opinion that she reiterated in June, July, and August of 2018. *See id.* Finally, Magistrate Judge Baxter noted that Dr. LaDuca's notes in both December 2015 and January 2016 indicated that Plaintiff denied psychiatric symptoms and that her affect was normal. *See id.* at 16-17 (citing Tr. at 216-17, 223).

Based on this evidence, Magistrate Judge Baxter determined that the evidence supported the ALJ's determination that, after the date last insured, Plaintiff was doing well and that her medications were effective. *See id.* at 17. Further, the Report-Recommendation found that the RFC established by the ALJ took into account Plaintiff's problems with stress by restricting her to

6

performing only simple, routine tasks, and that it took into account Plaintiff's PTSD and her limited ability to work with strangers or be in crowds by finding that she could have only occasional, superficial interaction with the public. *See id.*

C.     **Plaintiff's Objections**

In her objections to the Report-Recommendation, Plaintiff contends that Magistrate Judge Baxter "ignored the crux of Plaintiff's argument;" specifically, that the ALJ improperly mischaracterized the evidence on two occasions when discussing the weight given to Ms. Nickless-McElligott's opinions. *See* Dkt. No. 20 at 1. Plaintiff argues that the ALJ cited a lack of a mental health diagnosis in discrediting the opinion despite acknowledging that Ms. Nickless-McElligott's statements endorsed a diagnosis of PTSD, and finding that Plaintiff suffered from the severe impairment of PTSD during the relevant period. *See id.* Additionally, Plaintiff claims that "the ALJ ignored the fact that the medical records reflected concurrent treatment and prescribed medication for mood disorder during the relevant period." *Id.* at 1-2. Plaintiff further asserts that "[t]he ALJ again mischaracterized the evidence in concluding there was no mental health treatment offered by Ms. Nickless-McElligott during the relevant period so as to support her opinion." *Id.* at 2. Rather, Plaintiff contends that Ms. Nickless-McElligott began treating Plaintiff remotely in November of 2015. *See id.*

D.     **Application**

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that the ALJ's decision was supported by substantial evidence and that Plaintiff's complaint should be dismissed. First, as Magistrate Judge Baxter correctly noted, since Plaintiff's date last insured was March 31, 2016, and she is claiming an alleged onset date of November 1, 2015, she was required to establish that she was disabled in the five-month period between these two dates.

*See Morgan v. Saul*, No. 19-cv-5915, 2021 WL 4551937, *10 (E.D.N.Y. Oct. 5, 2021) (citing *Vilardi v. Astrue*, 447 Fed. Appx. 271, 272 (2d Cir. 2012)) (other citations omitted).  As both the ALJ and Magistrate Judge Baxter noted, although Plaintiff began treating with Ms. Nickless-McElligott in November 2015, no treatment records were produced relating to Plaintiff's condition during the onset date and the date last insured.  Rather, Ms. Nickless-McElligott wrote two letters on Plaintiff's behalf – one from April 2017 and the other from September 2018 – and both concluding that Plaintiff was "unable to work at this time." Tr. at 281-82.  As such, while Ms. Nickless-McElligott does provide an opinion relating to Plaintiff's mental health issues and inability to work, those opinions were not made during or relevant to the time from the alleged onset date through the date last insured.  *See Mauro v. Berryhill*, 270 F. Supp. 3d 754, 762 (S.D.N.Y. 2017); *Vilardi v. Astrue*, 447 Fed. Appx. 271, 272 (2d Cir. 2012) (holding that the claimant's reliance on evidence demonstrating a worsening of her condition after the date on which she was last insured was of "little value" to counter the substantial evidence the ALJ relied on to determine that she retained the RFC to perform her past relevant work); *Flanigan v. Colvin*, 21 F. Supp. 3d 285, 302 (S.D.N.Y. 2014) (affirming the ALJ's decision to deny the claimant's request for disability benefits because the ALJ found that the medical record was absent objective findings or evidence of treatment prior to the date on which she was last insured or within a period of substantial proximity to her date last insured); *Behling v. Com'r of Social Sec.*, 369 Fed. Appx. 292, 294 (2d Cir. 2010) (rejecting the claimant's request for the court to consider her current condition because she "was required to demonstrate that she was disabled as of the date on which she was last insured" and "[a]ny new impairments are not relevant").

     Here, the ALJ properly concluded that, while Plaintiff had the severe impairments of Lichen Planus and PTSD, there was too little evidence from the relevant period to corroborate her

8

allegations in this case. Moreover, substantial evidence supports the ALJ's RFC determination that Plaintiff could perform the full range of work at all exertional levels, but that Plaintiff would only be able to perform simple, routine tasks, having only occasional, superficial interaction with the public. *See* Tr. at 19. This RFC sufficiently accommodated the effects of her PTSD by limiting her interactions with others, while performing only simple activities. Finally, substantial evidence supported the ALJ's determination that although Plaintiff had limitations during the relevant period, Plaintiff's statements regarding the extent of those limitations was not consistent with the evidence. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

Accordingly, the Court grants Defendant's motion for judgment on the pleadings and dismisses this action.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 7, 2022 Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 23, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge